IN THE CIRCUIT OF MARSHALL COUNTY, MISSISSIPPI

VICKI TERESA LOTT, as natural mother
and Guardian of James Lee Lott Harris, a Minor,
The Wrongful Death Beneficiary of
James Edward Harris, Deceased               PLAINTIFF

VS.                                                  CAUSE NO. CV2017-156

MARSHALL COUNTY, MISSISSIPPI; SHERIFF KENNY
DICKERSON, in His Individual and Official Capacity as Sheriff
of Marshall County, Mississippi Sheriff's Department; and
JOHN and JANE DOES 1-10, Individually and in their Official
Capacity as Deputy Sheriffs and/or Jailors and/or Officers and/or Nurses
of Marshall County Sheriff's Department and/or Marshall County
Correctional Facility                            DEFENDANTS

## COMPLAINT
### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, VICKI TERESA LOTT, as the natural mother and Guardian of James Lee Lott Harris, a Minor, the wrongful death beneficiary of James Edward Harris, Deceased, by and through counsel of record, and files this his Complaint against the Defendants, MARSHALL COUNTY, MISSISSIPPI; SHERIFF KENNY DICKERSON in His Individual and Official Capacity as Sheriff of Marshall County, Mississippi Sheriff's Department; and JOHN and JANE DOES 1-10, Individually and in Their Official Capacity as Jailors and/or Officers and/or Nurses of Marshall County Sheriff's Department and/or Marshall County Correctional Facility, and in support thereof, Plaintiff states as follows:

### I. INTRODUCTION

1.

The Plaintiff is a Mississippi resident residing in Tremont, Itawamba County, Mississippi 38876.

2.

FILED
MAY 17 2017
LUCY CARPENTER
Circuit Clerk, Marshall Co., MS
BY D.A., D.C.

The Defendant, Marshall County, is a governmental entity of the state of Mississippi. This Defendant may be served with process through its registered agent for service of process, Chancery Clerk Chuck Thomas, at 128 E. Van Dorn Avenue, Holly Springs, Mississippi 38635.

3.

The Defendant, Sheriff Kenny Dickerson, is currently the Sheriff of the Marshall County Sheriff's Department, and may be served with process at his place of employment, 819 West Street, Holly Springs, Mississippi 38635.

4.

The Defendants, John and Jane Does 1-10, are current or former Deputy Sheriffs of the Marshall County Sheriff's Department and/or Jailors and/or Nurses employed by Marshall County, Mississippi, who worked at the Marshall County Correctional Facility, who may be joined as Defendants in this action and who may be served with process at their place of employment, 833 West Street, Holly Springs, Mississippi 38635. Plaintiff reserves the right to identify or change the identity of these additional Defendants (John and Jane Does 1-10) based upon discovery.

5.

Venue is proper in this Court as the acts complained of occurred in Marshall County, Mississippi. Additionally, this Court has jurisdiction over the claims herein.

## II. FACTS

12.

Beginning May 23, 2016 and continuing into June of 2016, James Edward Harris was a detainee at the Marshall County Correctional Facility. On information, he was being held there after being picked up for failing to appear at a court appearance (due to his legal counsel's failure to notify

2

him of same). At the time of his detention, Mr. Harris had several serious health issues. He had already had a stroke and a previous heart condition which required stenting. At the time of his detention, Mr. Harris was scheduled to have a cardiac catheterization procedure on May 24, 2016. Mr. Harris also had severe and advanced diabetes which required daily insulin pen injections. All of these facts and conditions were made known to Sheriff Dickerson and the Deputy Sheriffs, Jailors, Officers, Nurses and other staff of the Marshall County Sheriff's Department and/or the Marshall County Correctional Facility.

The Defendants refused to allow Mr. Harris to attend the scheduled cardiac catheterization procedure. The Defendants also only allowed Mr. Harris to bring one (1) insulin pen, which had a limited insulin supply, into his detention. Additionally, the Defendants refused to allow friends and family to bring Mr. Harris additional insulin pens and needed nitroglycerin spray. The nurse at the facility who, on information only came on Thursdays, provided Mr. Harris needles and a vial of insulin; however, Mr. Harris was unable to properly administer the medication due to sequelae from a stroke. Indeed the bottle of insulin was dropped and broke, during which time Mr. Harris was without insulin for several days. Defendants were aware of all of these facts.

On June 18, 2016, an inmate at the Marshall County Correctional Facility called Mr. Harris' family to inform them he was unresponsive in his cell. Although this had also been brought to the Defendants' attention, it took no less than thirty (30) minutes for Jailors to check on Mr. Harris. Finally, an ambulance was called and Mr. Harris was taken to the hospital. Despite resuscitative efforts, he passed away.

3

## CLAIMS

### COUNT ONE

42 USC Section 1983 Claim for Fourteenth Amendment Due Process Violation

13.

The Defendants were at all times acting under the color of state law.

14.

The Fourteenth Amendment to the United States Constitution protects individuals from violations of their procedural and substative due process rights. Section 1983 is the vehicle in which the Plaintiff may bring a claim for violations of the decedent's Fourteenth Amendment due process rights. At all times herein mentioned, the Defendants were legally obligated to provide timely and necessary medical treatment to Mr. Harris. Pretrial detainees have a constitutional right not to have their serious medical needs met with deliberate indifference on the part of the confining officials, including all Defendants herein.

15.

The Defendants, their agents, servants and employees, knowingly failed to provide timely and necessary medical treatment to the decedent, a detainee, while the decedent was incarcerated under conditions posing a substantial risk of serious harm, thereby depriving him of his civil rights secured by the Constitution and the law of the United States as well as the Constitution and the laws of the State of Mississippi. The deprivation of the decedent's rights was due to the Defendants failing to provide adequate supervision, observation, confinement and treatment, which included improper training and management of Defendants' agents, servants and employees. The failure to train and supervise was causally linked to the violation of decedent's rights and constituted deliberate

4

indifference to decedent's constitutional rights. The Defendants knew or should have known that the practice of failing to transport a detainee for a medical procedure such as a catheterization, failing to allow the detainee to use an insulin pen and nitroglycerin spray, and providing a detainee with an insulin vial and needles the detainee is physically unable to use, places the detainee at risk of serious injury or death, particularly when the detainee is not properly supervised, observed, secured, confined and treated. The complete failure of the Defendants to provide medical treatment, a basic human need, for the decedent and depriving him of this human need, constituted a course of conduct so clearly inadequate as to amount to refusal to provide any medical treatment at all. To be sure, the Defendants were deliberately indifferent to the decedent's needs and rights in all of their actions and inactions which proximately caused his death.

16.

The Sheriff, individual deputy sheriffs and/or jailors and/or officers and/or nurses are individually liable for their outrageous and unreasonable actions as set forth above.

17.

The governmental entity, Marshall County, is also liable since the actions outlined above were carried out pursuant to a policy or custom (and/or total lack of a policy) of the Marshall County Sheriff's Department and/or the Marshall County Correctional Facility and said policy or custom was the moving force behind the constitutional violation. This manifested deliberate indifference to the serious medical needs of detainees. Marshall County is also liable for the actions of its requisite policymaker, Sheriff Kenny Dickerson, who implemented the policy at issue and played a direct role in the death of James Edward Harris.

5

## COUNT TWO

### 42 USC Section 1983 Claim for Cruel and Unusual Punishment

18.

The Defendants were at all times acting under the color of state law.

19.

To the extent applicable herein, the Eighth Amendment to the United States Constitution protects individuals from cruel and unusual punishment. Section 1983 is the vehicle in which the Plaintiff may bring a claim for violation of James Edward Harris' Eighth Amendment rights.

20.

The Defendants, their agents, servants and employees, knowingly failed to provide medical treatment to the decedent, a detainee, in a timely manner while the decedent was incarcerated under conditions posing a substantial risk of serious harm, thereby depriving him of his civil rights secured by the Constitution and the law of the United States as well as the Constitution and the laws of the State of Mississippi. The deprivation of the decedent's rights was due to the Defendants failing to provide adequate supervision, observation, confinement and treatment, which included improper training and management of Defendants' agents, servants and employees. The Defendants knew or should have known that the practice of failing to transport a detainee for a medical procedure such as a catheterization, failing to allow the detainee to use an insulin pen and nitroglycerin spray, and providing a detainee with an insulin vial and needles the detainee is physically unable to use places the detainee at risk of serious injury or death, particularly when the detainee is not properly supervised, observed, secured, confined and treated. The complete failure of the Defendants to provide medical treatment, a basic human need for the decedent and depriving him of this human

need, constituted a course of conduct so clearly inadequate as to amount to refusal to provide any safety at all. To be sure, the Defendants were deliberately indifferent to the decedent's needs and rights in all of their actions and inactions which proximately caused his death.

21.

The sheriff, individual deputy sheriffs and/or jailors and/or officers and/or nurses are individually liable for their outrageous and unreasonable actions as set forth above.

22.

The governmental entity, Marshall County, is also liable since the actions outlined above were carried out pursuant to a policy or custom of the Marshall County Sheriff's Department and/or the Marshall County Correctional Facility and said policy or custom was the moving force behind the constitutional violation. Marshall County is also liable for the actions of its requisite policymaker, Sheriff Kenny Dickerson, who implemented the policy at issue and played a direct role in the death of James Edward Harris.

DAMAGES

23.

As a proximate result of the actions of these Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this cause. As a result of the violation of James Edward Harris' constitutional rights, Mr. Harris and his wrongful death beneficiary were caused to suffer (a) medical, doctor, hospital and related expenses, (b) loss of income of the decedent for his anticipated life-expectancy, (c) loss of companionship of decedent for his anticipated life-expectancy, (d) decedent's pain and suffering, (e) mental and emotional distress, (f) loss and/or diminution of decedent's estate, (g) funeral and related expenses, and (h) any and all damages allowed by law in

7

wrongful death actions and in the actions heretofore specified under the stated constitutions and laws. Plaintiff is also entitled to punitive damages against the individual Defendants. The Plaintiff is also entitled to reasonable attorney's fees and costs associated with this litigation.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court will enter a judgment against the Defendants jointly and severally, in an amount to be determined at trial and that this Court will award punitive damages against the individual Defendants, along with all attorney's fees and all other costs associated with this action. The Plaintiff prays for all other relief he may be entitled to under the law.

RESPECTFULLY SUBMITTED, this, the 15th day of May, 2017.

VICKI TERESA LOTT, as natural mother and Guardian of James Lee Lott Harris, a Minor, The Wrongful Death Beneficiary of James Edward Harris, Deceased, Plaintiff

By: *S. Todd Jeffreys* (signature)

S. TODD JEFFREYS, MSB No. 100042, Attorney for Plaintiff

OF COUNSEL:

POVALL & JEFFREYS, P.A.
215 North Pearman Avenue
P. O. Drawer 1199
Cleveland, MS 38732
Tel.: (662) 843-9948
Fax: (662) 843-9957
stjeffreys@bellsouth.net


Jay Westfaul, Esq., MSB No. 9055
THE WESTFAUL LAW FIRM
Governor Charles C. "Cliff" Finch Building
115 Eureka Street, Suite A
P. O. Box 977
Batesville, MS 38606
Tel.: (662) 563-8482
Fax: (662) 563-8481
westfaul@westfaulfirm.com